418

## COHEN v. BENEFICIAL INDUSTRIAL LOAN CORPORATION et al.

Civ. A. No. 1215.

United States District Court
D. Delaware.

Sept. 21, 1950.

S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for plaintiff.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., for Beneficial Industrial Loan Corp.

C. A. Southerland and Richard F. Corroon (of Southerland, Berl & Potter), of Wilmington, Del., for defendants Felter and Turner.

LEAHY, Chief Judge.

Plaintiff, as a stockholder of Beneficial Industrial Loan Corporation, instituted a derivative action against directors and controlling stockholders in an attempt to recover on behalf of the corporation losses which it allegedly suffered as a result of the wrongful acts of the individual defendants.[1] The present matter calls for the disposition of three pending motions, which are: (1) Motion of Beneficial to dismiss the complaint or, in the alternative, for summary judgment on the ground of prior pending actions; (2) motion of Felter and Turner for summary judgment on the ground of prior pending actions; and (3) motion of Felter and Turner to dismiss on the ground of improper venue.

1. Only Beneficial and the individual defendants Felter and Turner were served with process in this particular action.

At the present time there are pending three stockholders' derivative actions on behalf of Beneficial. Two are in this court and the other is in the District Court of New Jersey. Plaintiff in the Delaware actions is Hannah Cohen. The original plaintiff in the New Jersey action was her husband, Sol Cohen, but he having died, his wife Hannah was substituted as plaintiff in her capacity as executrix of his estate. The first Delaware action, our CA No. 312, was begun on June 2, 1943. Defendants were Beneficial, on whose behalf the action was brought, three other affiliated corporations, and twenty-nine individual defendants.[2] An action was also instituted in the District Court of New Jersey in June 1943, their CA No. 3033, wherein Beneficial was the nominal corporate defendant; and thirteen individuals were named as defendants and served with process.[3] The second Delaware action, which is the particular cause wherein the present motions were presented, was started on April 29, 1949. Twenty-seven of the twenty-nine individual defendants who were sued in the first Delaware action are named in this particular suit. Felter and Turner were the only individual defendants served with process.

*First Delaware Action.* On July 27, 1943, defendants filed various motions for bills of particulars, to dismiss, and for summary judgment. All parties requested the court to pass argument on the motions. Accordingly, none of the motions have been heard and issue in this action has not been joined.

*The New Jersey Action.* The New Jersey action has been actively prosecuted by plaintiff. Numerous motions have been made, argued and disposed of. Extensive discovery and inspection proceedings have been had and the complaint has been changed four times. Issue, however, has not, as yet, been joined. On August 1, 1946, a motion was made, in accordance with New Jersey statutory provisions, for an order requiring plaintiff in that action to furnish security for costs, expenses and counsel fees, with the plan in mind, evidently, that if plaintiff was unable to comply then the complaint would be dismissed. The District Court denied the motion, 7 F.R.D. 352. On September 22, 1948, the Court of Appeals reversed, 3 Cir., 170 F.2d 44; and thereafter, on June 20, 1949, the Supreme Court affirmed the decision of the Court of Appeals, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. On October 31, 1949, the District Court in New Jersey directed plaintiff to give security in the sum of $25,-000. On November 14, 1949, argument was had on plaintiff's motion for inspection of the stock list of Beneficial. Plaintiff was not able to post security in the amount of $25,000 and wished to communicate with other stockholders in an effort to raise such sum. The motion has not been determined by the New Jersey court; and the action there is still pending.

*The Second Delaware Action.* In addition to the three motions already mentioned and pending in this particular action there have been filed (1) a motion to dismiss because the complaint fails to state a claim upon which relief can be granted; (2) to dismiss the second and third causes of action because they fail to state claims upon which relief can be granted; (3) to dismiss the third cause of action for failure to join an indispensable party; and (4) for a more definite statement with respect to complaint paragraphs 12 and 14. A separate motion was filed by Felter for summary judgment on the ground that he has never been a director of Beneficial. None of these particular motions have been prosecuted by the parties and they have not requested that the same be set down for argument or decided by the court.

1. As far as the Delaware litigation is concerned, if any wrongs have been done to Beneficial as alleged by plaintiff, the cause of action which plaintiff seeks to prosecute, while it may assume various forms,

---

2. Only five of the defendants were served with process—Beneficial Management Corporation, Beneficial Loan Society, Bankers National Investing Corporation, and individual defendants Bailey and Rivers.

3. These particular thirteen defendants were named in the first Delaware action but none were served with process.

420

should be disposed of as an entity. Much labor has gone into the writing of briefs and arguments on the various motions and yet, after the lapse of seven years, the case is not even at issue. The litigation has obviously created financial burden on all parties. The question as to whether the case *sub judice* should be dismissed or summary judgment granted in favor of all defendants on the ground of the prior pending action, our CA 312, has received elaborate legal treatment by counsel and raises interesting questions. But, I prefer a broader approach to the master issues involved in the Delaware litigation. Hence, I shall deny the argued motions which involve the concept of prior pending actions; I have determined to exercise the power granted by Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for I think this is a proper case where such exercise should be had, and consolidate our CA 312 and CA 1215. If there are then any pending motions incident to the consolidated cause, the same should be argued and determined; and thereafter, every effort should be made to get the Delaware litigation at issue in order that the plaintiff may vindicate her allegations of wrong-doing, or the corporation and its former and present officials may at long last be relieved of the litigious harassment which they have been required to meet for more than half a decade. An order may, therefore, be submitted, in accordance with the foregoing, as to the motion of Beneficial and the motion of Felter and Turner for dismissal of the action and summary judgment on the ground of prior pending actions.

■ 2. There remains, however, the motion of individual defendants Felter and Turner to dismiss on the ground of improper venue. After the motions based on prior pending actions had been fixed for argument this motion was filed on November 3, 1949. Four months before, on July 8, 1949, these individual defendants had filed three other motions. Plaintiff makes the point that the November 3, 1949 motion should be denied because (1) Turner and Felter have waived any privilege which they might have to object to improper venue and (2) apart from waiver, the venue is proper. I reject plaintiff's argument that these defendants having filed a consolidated motion on July 8, 1949, under Rule 12(g) and (h), it is now too late for them to raise the question of venue in their separate motion of November 3, 1949. It seems to me under the present Rules a defendant does not lose his defense of improper venue on the technical basis as to the time sequence on which different motion papers are served or filed. In fact, Rule 12 would seem to give a defendant the option of raising the defense of improper venue either by motion or in his answer. And Rule 12(b), (d) and (h) indicates that such a defense is not waived until an answer is filed which fails to raise such defense. See Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Martin v. Lain Oil & Gas Co., D.C.Ill., 36 F.Supp. 252. The waiver argument is, as stated, rejected.

■ There remains that portion of plaintiff's argument which charges that, apart from waiver, the venue is proper and the motion of Felter and Turner for dismissal should be denied. In providing for consolidation, the first and second Delaware actions are, in reality, one action; and, as to this phase of plaintiff's objection to the motion, I think defendants are entitled to a dismissal of this action on the separate ground that the District of Delaware is an improper venue under Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707. Plaintiff has not made answer that the defense of improper venue is available under the Schoen case. In fact, her real argument is one *in extremis*, i. e., that the venue in this district *ought* to be proper for there is no other district in which the venue would be proper for an action against both Felter and Turner. It would appear, however, that venue would lie against either or both of these defendants in Maryland, New Jersey or New York. Convenience of a plaintiff in selecting the theatre of operations for protracted litigation should not affect the rules as to proper venue. Accordingly, the motion of Felter and Turner to dismiss on the ground of improper venue will be granted.

A proper order or orders in accordance with this memorandum should be submitted.