ELIAS AUERBACH,
Plaintiff-Appellant and Cross-Appellee,

C. PERRY KING,
Plaintiff-Intervenor, Appellant and Cross-Appellee,

*vs.*

CITIES SERVICE COMPANY, a corporation of the State of Delaware, and
ARKANSAS FUEL OIL CORPORATION, a corporation of the State
of Delaware,
Defendants-Appellees.

WILLIAM J.HEARN,
Plaintiff-Appellant and Cross-Appellee,

*vs.*

CITIES SERVICE COMPANY, a corporation of the State of Delaware,
CITIES SERVICE REFINING CORPORATION, a corporation of the
State of Delaware,
Defendants-Appellees and Cross-Appellants,

and

ARKANSAS FUEL OIL CORPORATION, a corporation of the State of
Delaware,
Defendant-Appellee.

*Supreme Court on Appeal, July 31, 1958*

*Daniel O. Hastings* and *Russell J. Willard,* of Hastings, Lynch & Taylor, Wilmington, for Elias Auerbach, appellant and cross-appellee.

*Richard F. Corroon* and *Hugh L. Corroon,* of Berl, Potter & Anderson, Wilmington, and *Percival E. Jackson,* New York City, for C. Perry King, appellant and cross-appellee.

*William Duffy, Jr.,* of Herrmann & Duffy, Wilmington, and *Harold B. Dondis,* of Rich, May & Bilodeau, Boston, Mass., for William J. Hearn, appellant and cross-appellee.

*Caleb S. Layton* and *Henry M. Canby,* of Richards, Layton & Finger, Wilmington, and *Joseph L. Weiner,* New York City, for Cities Service Co., and Cities Service Refining Corp., appellees and cross-appellants.

*Howard L. Williams,* of Morris, James, Hitchens & Williams, Wilmington, for Arkansas Fuel Oil Corp., appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: These appeals are from interlocutory orders of the Vice Chancellor, largely procedural, entered in two cases before him.

A brief history of the cases is required.

The Auerbach case was filed February 9, 1956. It is a minority stockholder's derivative suit against Cities Service Company on behalf of Arkansas Fuel Oil Corporation. It seeks relief for wrongs or irregularities alleged to have occurred since 1945 in the performance by Cities of a contract between Cities and Arkansas.

In a prior appeal in that case we held that all claims arising under the contract prior to the reorganization settlement approved in 1952 by the Securities and Exchange Commission were barred. Claims arising after the settlement date we held not barred. See *Auerbach v. Cities Service Co.,* 36 *Del.Ch.* 554, 134 *A.2d* 846.

In December 1957, after our decision in the Auerbach case, Hearn, another stockholder of Arkansas Fuel Oil Corporation, filed another derivative suit on substantially the same cause of action as that set forth in the Auerbach suit. An additional defendant, Cities Service Refining Corporation, was added.

The following proceedings then took place:

In the Hearn case Cities on January 29 moved that the complaint be dismissed, or, alternatively, that the suit be stayed pending the determination of the Auerbach case. This motion was renewed in April.

In the Auerbach case Cities moved on February 7 for a separate trial upon the issue of plaintiff's right to an accounting. This motion was briefed and argued.

In the Hearn case plaintiff (approximately on February 14) moved under Court of Chancery Rules, *Rule* 42(a), *Del.C.Ann.,* to consolidate the two actions.

On March 20 the Vice Chancellor filed a memorandum holding that the issue of director liability (that is, whether any wrongs had occurred) would be first heard and decided. He also denied Hearn's motion to consolidate and denied Cities' motion to dismiss or stay the Hearn suit. He ruled, however, that the Hearn suit should be joined with the Auerbach suit for the purpose of the trial of the separate issue.

On May 2 and 6 appropriate orders to that effect were entered.

On May 6 plaintiffs in the Auerbach suit moved for summary judgment on the issue of plaintiffs' right to an accounting. A similar motion was filed by plaintiff in the Hearn case.

On May 13 (16?) the Vice Chancellor filed an opinion denying the plaintiffs' motions for summary judgment, and on May 20 entered an order accordingly.

All the parties have appealed to this Court.

The plaintiffs appeal from the two orders (1) granting a separate trial on the issue of the plaintiffs' right to an accounting and (2) denying their motions for summary judgment.

Cities and Cities Service Refining appeal from the order denying dismissal or stay of the Hearn suit.

1. *The order for a separate trial.*

■ Rule 42(b) expressly provides for such an order. Aside from the rule, the Vice Chancellor held that the approved practice in an accounting case is to try first the issue of the right to an accounting, leaving the details of the account to follow if an accounting is ordered. In such a case the practice of separating the issue of the right to an accounting from the account itself is often followed. *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 *U.S.* 689, 53 *S.Ct.* 736, 77 *L.Ed.* 1449; and *cf. Consolidated Fisheries Co. v. Consolidated Solubles Co.*, 35 *Del.Ch.* 178, 113 *A.2d* 576.

The Vice Chancellor held in effect that the instant cases, though they are minority stockholders' suits, are in one aspect similar to suits for accounting in patent cases, partnership cases, and the like. Plaintiffs deny this, but there is reason for this view. The instant suits concern monthly charges and credits between Cities and Arkansas Fuel based upon the hypothetical operation of an Arkansas Fuel refinery. A period of nearly six years of such operation is involved. It is not the more common type of minority stockholder's suit involving one or at the most a few transactions.

The Vice Chancellor was of opinion that the suits should be separated into two issues: (1) the issue, broadly speaking, whether there has existed or exists any breach of fiduciary duty by the directors of Arkansas Fuel; and (2) if such a breach has occurred how much money is due to Arkansas Fuel.

It is probably true, as counsel for Hearn suggested at the argument, that some evidence respecting the accounts between the parties will have to be taken. The Vice Chancellor indicated in his opinion that "the facts concerning accounting methods under the contract" would have to be developed. This would appear to be correct. As might be inferred from the Consolidated Fisheries case, above cited, it is sometimes difficult to separate the accounting from the right to

an account. That question, however, is for the Vice Chancellor to deal with at the trial.

But plaintiffs insist that the meaning of the Vice Chancellor's order for a separate trial is quite different from the meaning that we give it. The order, it is argued, is an order for the determination of the issue whether the minority stockholders have the "right to sue". No trial on the merits of the claims is contemplated, say the plaintiffs, only a determination whether the plaintiffs may maintain the actions.

Seizing upon some language in one of the Vice Chancellor's opinions, the plaintiffs develop this argument at great length.

They cite *Cantor v. Sachs,* 18 *Del.Ch.* 539, 162 *A.* 73, 76. The Chancellor in that case said that a minority stockholder's suit had two phases—"one is the equivalent of a suit to compel the corporation to sue, and the other is the suit by the corporation * * * against those liable to it." It is the first phase, say the plaintiffs, that the Vice Chancellor has ordered tried—that is, the stockholder's right to sue on behalf of the corporation.

The simple answer to this argument is that it completely misconceives the purpose and effect of the Vice Chancellor's order.

No qeustion exists as to the right of these stockholders to maintain an action; Cities admits it. The order of the Vice Chancellor is directed to no such issue but to the issue whether, upon the merits, a breach of fiduciary duty can be shown.

Plaintiffs' principal argument is beside the point.

Another contention, advanced at the argument, is that the language of our former opinion forecloses the procedure adopted below. We said that plaintiffs "are entitled to go to trial" with respect to claims arising subsequent to the settlement. So they are; but whether that trial is to be upon all the issues, or first upon a separate issue, is a question in no way affected by our prior holding. This contention appears to be a further development of plaintiffs' main

contention, viz.: that the Vice Chancellor's order deals only with the right to sue. That main contention we have shown to be erroneous.

It follows that the order made below was an interlocutory procedural order only and clearly within the discretion of the Vice Chancellor, and that it settled no substantial issue.

The appeals from that order must accordingly be dismissed. *Martin v. American Potash & Chemical Corp.*, 33 *Del.Ch.* 234, 92 *A.2d* 295, 35 *A.L.R.2d* 1140.

2. *The order denying the motions for summary judgment.*

■ These motions appear to be based upon the same legal theory already examined. In effect, they seek a judgment that plaintiffs are entitled as a matter of law to maintain the action. We do not understand that plaintiffs contended below, or contend here, that they are entitled to summary judgment on the merits.

These motions, therefore, raise in another form the question already disposed of. They are founded upon the same erroneous interpretation of the Vice Chancellor's order.

We have some doubt whether the denial of these motions is an appealable order. There are no doubt cases in which such a denial might settle some important legal question against the plaintiff and so might well be appealable, as in some cases of orders denying preliminary injunctions. See the American Potash case, above cited.

But the point is not raised, and we shall accordingly affirm the order, for the reasons stated in the first part of this opinion.

3. *The order denying the dismissal or stay of the Hearn suit.*

Cities and Cities Service Refining make two points:

(a) That as a matter of law the suit should be dismissed;

(b) That as a matter of discretion the Vice Chancellor should have stayed the suit pending the determination of the Auerbach suit.

■ We do not agree that a second stockholder's derivative suit must as a matter of law be dismissed under the common law principle of another action pending. That rule, as noted by Judge Rodney in *Simon v. Pyrites Co., 2 W.W.Harr.* 581, 32 *Del.* 581, 128 *A.*370, 371, "is not a rule of unbending rigor but one of justice and expediency." In cases of successive derivative suits by stockholders it should be applied with caution. Although the cause of action may be the same, as in this case, yet the suing plaintiffs are different. True, the suits are both in right of the corporation, but it is always possible that stockholders other than the one first suing may have a legitimate reason to file suit. See the full discussion of this question in *Dresdner v. Goldman Sachs Trading Corp., 240 App.Div.* 242, 269 *N.Y.S.* 360, 366. Refusing to dismiss a stockholder's derivative suit on the ground of another action pending, the Appellate Division said:

> "Speaking generally and not in relation to this particular case, the first action brought by a stockholder furnishes no adequate security that other stockholders will be assured of a complete remedy. The one first in the field of action may not be possessed of all the facts. He may omit from his complaint material allegations of facts which have been discovered by another more vigilant and industrious. His efforts may be thwarted by lack of funds, courage, or determination, or lack of skill and initiative on the part of his counsel. There is always, as we have said, the strong possibility of a private settlement".

It is quite true, as Cities argues, that the last reason stated above—the possibility of a private settlement—does not apply here. Rule 23(c) of our Chancery rules prevents it. But the other reasons still have validity.

We think that the Vice Chancellor did not err as a matter of law in denying the motion to dismiss the Hearn suit.

■ As for the refusal of the motion to stay, we think that it was a matter within the discretion of the trial court, and determined no substantial rights. Successive derivative suits for the same cause of action may no doubt become vexatious and unnecessary, as Cities

argues. But when that point is reached the trial court may deal with it by an order of stay or consolidation as it sees fit. See *Cohen v. Beneficial Industrial Loan Corp., D.C., 93 F. Supp.* 418.

Since the order denying the stay determined no substantive rights, it is not appealable under the authorities heretofore cited.

The order denying dismissal of the Hearn suit is affirmed; the appeal from the order denying a stay is dismissed.

The causes are remanded to the Court of Chancery of New Castle County for such further proceedings as may not be inconsistent with the opinions of this Court.