Charles W. EVANS, Plaintiff,
v.
Guy W. RUSHING, Defendant.
Civ. A. Nos. 6657, 6865.

United States District Court
E. D. South Carolina,
Charleston Division.
July 27, 1959.

J. P. Mozingo, III, Benny Greer, Darlington, S. C., for plaintiff.

E. Lloyd Willcox, Charleston, S. C., for defendant.

WYCHE, District Judge.

On April 2, 1958, plaintiff, a resident of the Southern District of Florida, brought an action in the Eastern District of South Carolina (C.A. 6657), to recover damages resulting from an automobile accident in South Carolina, against the defendant, a resident of the Middle District of North Carolina.

On April 30, 1958, the defendant answered on the merits of the complaint, without raising any question as to jurisdiction or venue.

After filing answer, and on July 24, 1958, defendant moved to transfer the case from the Eastern District of South

Carolina, to the Middle District of North Carolina, the residence of the defendant, "on the ground that the District Court for the Eastern District of South Carolina does not have venue of the above entitled action and that the case could have been brought against the defendant in the District Court for the Middle District of North Carolina".

On September 27, 1958, the plaintiff brought another action against the defendant for damages resulting from the same collision, in the Court of Common Pleas for Darlington County, South Carolina. On October 13, 1958, the defendant removed this case from the Court of Common Pleas for Darlington County, South Carolina, to the United States District Court for the Eastern District of South Carolina, upon the ground of diversity of citizenship (C.A. 6865).

On February 19, 1959, plaintiff filed a motion for voluntary dismissal, without prejudice, of the first case (C.A. 6657), on the ground that the action had been improvidently brought in the District Court for the Eastern District of South Carolina, "which it appears does not have original jurisdiction or has not the proper venue of the case" and on the further ground that "the plaintiff subsequently instituted an action in the State court which has been properly removed to the" United States District Court for the Eastern District of South Carolina, "and the case can properly be disposed of in that action".

Thereafter, on April 20, 1959, the defendant filed a motion for an order dismissing the removed action (C.A. 6865) on the ground that "at the time this suit was instituted there was pending in the United States District Court for the Eastern District of South Carolina, Civil Action 6657, which had been brought in the original jurisdiction of the District Court by the plaintiff against the defendant" and "that the removed cause of action must have been brought through error or mistake since there was a previous action pending between the said parties".

28 U.S.C.A. § 1391(a) provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

28 U.S.C.A. § 1406 provides: "(a) The *district court* of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be *in the interest of justice*, transfer such case to any district or division in which it could have been brought. (Emphasis added.)

"(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

In the motion of the defendant to transfer the case (C.A. 6657) from the Eastern District of South Carolina, to the Middle District of North Carolina, it appears that the defendant answered the complaint in this case on the merits, without any objection to the venue and before filing his motion to transfer on the ground of improper venue.

 In my opinion, appearing and filing answer waives any objection to venue. United States v. Missco Homestead Ass'n, Inc., 8 Cir., 185 F.2d 283; O'Brien v. Weber, D.C., 137 F.Supp. 684. Objection that complaint is filed in wrong district is waived unless taken before entry of general appearance and before some other defense upon the law or facts is set up. Montgomery Ward & Co. v. Buer, 6 Cir., 186 F.2d 614. It is waived where it is not included in an answer or a motion previously made. Cohen v. Beneficial Industrial Loan Corp., D.C., 93 F.Supp. 418; Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551.

Therefore, the motion of the defendant to transfer this case (C.A. 6657) from the Eastern District of South Carolina, to the Middle District of North Carolina, on the ground of improper venue should be denied, and

It is so ordered.

 Even if the defendant had not waived his right to question the venue

in this case (C.A. 6657), I can see no evidence, nor can I think of anything, enabling me to say that it is "in the interest of justice" to transfer this case "to any district or division in which it could have been brought". I cannot transfer it to any district in Florida, the residence of the plaintiff, because it could not have been brought in Florida, for the reason that the accident happened on a highway in South Carolina, and substituted service could not have been had on the defendant; and the only place it could be transferred would be to the residence of the defendant, in the Middle District of North Carolina, where it could have been brought. The accident happened in South Carolina, and it seems to me that it is "in the interest of justice" that the case be tried in South Carolina.

Furthermore, it is my opinion that the provisions of 28 U.S.C.A. § 1406 (a), "or if it be in the interest of justice" means that rather than dismiss the plaintiff's case, the court, in justice, should transfer it to another district. See, Wilt v. Smack, D.C.Pa.1957, 147 F.Supp. 700.

With reference to the plaintiff's *motion* for a voluntary dismissal, without prejudice, it appears that in this case (C.A. 6657) no counterclaim has been asserted in the case; no depositions have been taken; no interrogatories have been filed and nothing else has been done except that a motion for a transfer to a district in another State has been filed under 28 U.S.C.A. § 1406(a), which motion I have already disposed of. See, Southern Railway Company v. Chapman, 4 Cir., 235 F.2d 43.

It seems clear, therefore, that the plaintiff is entitled to the motion to dismiss this action (C.A. 6657) without prejudice, and

It is so ordered.

It naturally follows that the motion of the defendant to dismiss the removed action (C.A. 6865) should also be denied, and

It is so ordered.