Stella McSPARRAN, Administratrix of the Estate of John M. Francis, a minor, deceased

v.

KINGSTON CONTRACTING CO., Inc.

and

Walter C. Herbert

and

John H. Stout.

Wallace R. FRANCIS and Margaret E. Francis, in their own right, and Carol Francis, Barbara Francis and Catharine Francis, minors by their parents and natural guardians Wallace R. Francis and Margaret E. Francis

v.

KINGSTON CONTRACTING CO., Inc.,

and

Walter C. Herbert

and

John H. Stout.

Civ. A. Nos. 31436, 31437.

United States District Court
E. D. Pennsylvania.

Aug. 2, 1963.

B. Nathaniel Richter, Kenneth Syken, Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiff.

William T. Campbell, Jr., Joseph Head, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant, Kingston Contracting Co.

Edward C. German, Walter J. Timby, Jr., LaBrum & Doak, Philadelphia, Pa., for defendants Walter C. Herbert and John H. Stout.

GRIM, District Judge.

In these cases in which jurisdiction is founded only on diversity of citizenship, plaintiff administratrix resides in New Jersey, and the other plaintiffs reside in Connecticut; defendant Kingston Contracting Co., Inc., is a resident of Pennsylvania and defendants Herbert and Stout are residents of West Virginia. Defendants Herbert and Stout have filed motions to dismiss under the venue statute 28 U.S.C.A. § 1391:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may * * * be brought only in the judicial district where all plaintiffs or all defendants reside."

Since neither the plaintiffs nor all the defendants reside in the Eastern District of Pennsylvania, venue in this district is improper. However, Section 1406 of the Judicial Code provides, 28 U.S.C.A. § 1406:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiffs have filed motions to sever the actions against Kingston Contracting Co., Inc., from those against defendants Herbert and Stout and to transfer the then severed actions against defendants Herbert and Stout to the United States District Court for the Northern District of West Virginia.

Severance of actions against multiple defendants of different residences in order to transfer claims against parties as to whom venue is improper is permissible and proper procedure. 1 Moore, Federal Practice § 0.146(5) at 1906–10; 3 Moore, Federal Practice § 21.05 at 2910–12; Goldberg v. Wharf Constructers, 209 F.Supp. 499, 503, 504 (N.D.Ala.1962); United Nations Korean Reconstruction Agency v. Glass Production Methods, Inc., 143 F.Supp. 248, 250 (S.D.N.Y.1956).

However, an action cannot be transferred under Section 1406 unless "the interest of justice" will be served thereby. The automobile accident involved in these cases occurred in the Eastern District of Pennsylvania; the evidence and witnesses in these cases most likely will come from Pennsylvania sources; the law to be applied will be that of Pennsylvania. To grant plaintiffs' motions to transfer part of these cases from the forum chosen by plaintiffs would not be "in the interest of justice." Cf. Jurgelis v. Southern Motors Express, Inc., 169 F.Supp. 345 (E.D.Pa.1959); Evans v. Rushing, 175 F.Supp. 90, 92 (E.D.S.C.1959). Plaintiffs will not be prejudiced by a denial of their motions

since they have instituted a similar action against the same defendants in the state Court of Common Pleas of Berks County, Pennsylvania, the county in which the accident occurred. In this state court action, plaintiffs can litigate their cases.

## ORDER

And now, August 2, 1963, the motions of defendants Walter C. Herbert and John H. Stout to dismiss the actions as to them are granted. The motions of plaintiffs to sever and transfer are denied.