Jerry **TONER** and Charles **Potter, Jr., Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 92–624 MMS.**

United States District Court, D. Delaware.

May 13, 1993.

Thomas Hodukavich, Wilmington, DE, for plaintiffs.

Jon E. Abramczyk, of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, of counsel, Peter M. Katsaros, Chicago, IL, for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

## I.  INTRODUCTION

In this diversity breach of contract case defendant, Allstate Insurance Company, has moved to dismiss the amended complaint of plaintiffs Jerry Toner and Charles Potter, Jr. Defendant contends both counts of the amended complaint should be dismissed because of failure to state a claim upon which relief can be granted. Defendant asserts Count I should also be dismissed because plaintiffs failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b).  In the alternative, defendant asks this Court to strike certain paragraphs of plaintiffs' amended complaint.

Plaintiffs'/insurance agents' amended complaint asserts two counts against the defendant/employer.  On the first count plaintiffs assert defendant breached the implied covenant of good faith and fair dealing contained in the employment contract between plaintiffs and defendant with the result that defendant has shifted the cost of certain overhead expenses from itself to plaintiffs. Plaintiffs' second count asserts this alleged shifting of costs from defendant to plaintiffs resulted in the unjust enrichment of defendant.  For reasons which follow plaintiffs' amended complaint will be dismissed with leave to amend.

## II.  FACTUAL BACKGROUND

Plaintiffs Toner and Potter have been insurance agents with the Allstate Insurance Company since 1968 and 1983 respectively. Docket Item ["D.I."] 12 at ¶¶ 4, 5.  Until 1985 the plaintiffs' relationships with defendant is best described as that of employer/employee in the conventional sense, as "their work procedures and methods were governed by Allstate and Allstate provided all support, including, but not limited to overhead, cost of sales, support staff and marketing materials." Id. at ¶ 6.  In 1985 plaintiffs were offered and accepted a new employment relationship with defendant.  Plaintiffs became Neighborhood Office Agents ["NOAs"].  This new status was more akin to that of an independent business person since less home office control was exercised over plaintiffs. Id. at ¶¶ 7, 8.  As NOAs plaintiffs became responsible for payment of their own overhead expenses.  However, under the NOA program Allstate is contractually obligated to reimburse plaintiffs for overhead expenses in the form of an "office expense allowance" ["OEA"], with the amount of reimbursement being dependent on, inter alia, the amount of new business plaintiffs generate. Id. at ¶ 9, 10, exhibit ["ex."] B.

Plaintiffs allege at the time defendant offered plaintiffs the new employment relationship, in which reimbursement of OEA would

be based in part on their ability to generate new business, Allstate knew it was going to alter its business policies to make it more difficult for plaintiffs to generate new business. D.I. at ¶ 18. Plaintiffs assert Allstate's changes in business policy did engender a decreased ability to generate new business thereby causing the OEA received from defendant to be inadequate. *Id.* at ¶ 20.

### III. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all the factual allegations of the complaint as true. *Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir.1990), *reh'g denied en banc*, 1990 U.S.App. LEXIS 23,205 (3d Cir. Sept. 21, 1990), *cert. granted*, 498 U.S. 1118, 111 S.Ct. 1070, 112 L.Ed.2d 1176, *and aff'd*, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Dismissal will only be granted when, accepting all factual allegations as true and drawing all reasonable inferences in favor of the non-moving party, "no relief can be granted under any set of facts which could be proved." *Id.*, 912 F.2d at 634. In applying this standard, the burden to show the failure to state a claim rests with the moving party. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980).

### IV. DISCUSSION

#### A. COUNT I—BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING [1]

■ Count I of plaintiffs' amended complaint alleges defendant violated the implied covenant of good faith and fair dealing contained in the contract between plaintiffs and defendant. The Delaware Supreme Court has held that an implied covenant of good faith and fair dealing exists in every employment contract made under the laws of Delaware, including at-will employment contracts. *Merrill v. Crothall–American, Inc.*, 606 A.2d 96, 101 (Del.1992). In adopting this stance, the Court recognized that the existence of the implied covenant creates a tension between an employer's legal entitlement to pur-

sue its own best interest and the employer's obligation not to overreach in the hiring process. This covenant is breached by the employer where its conduct amounts to " 'fraud, deceit or misrepresentation.' " *Id.* (quoting *A. John Cohen Ins. v. Middlesex Ins. Co.*, 8 Mass.App. 178, 392 N.E.2d 862 (1979)). The Court held such misrepresentation occurs where the employer "induces another to enter into an employment contract through actions, words, or the withholding of information which is intentionally deceptive in some way material to the contract." *Id.* It noted that an employee must not be allowed to assume some item material to the contract which the employer secretly contemplates will not be so. *Id.*, 606 A.2d at 102.

Defendant asserts portions of this claim, and the claim as a whole, fail to state a claim upon which relief can be granted both because the facts pled in the amended complaint cannot support a claim for breach of the implied covenant and because plaintiffs failed to aver defendant possessed the requisite intent to establish a breach of the covenant. Defendant also contends this count must be dismissed for failure to state the circumstances constituting a breach of the covenant with peculiarity as required by Fed. R.Civ.P. 9(b). Defendant's contentions will be addressed seriatim.

##### 1. Sufficiency of Facts

Defendant asserts the facts pled by plaintiffs do not constitute a breach of the implied covenant of good faith and fair dealing. For the reasons that follow, the Court finds defendant is correct as to certain of plaintiffs' allegations, but that other allegations do support a claim for a breach of the implied covenant.

The gist of plaintiffs' claim is that defendant had decided, but not disclosed at the time of contracting with plaintiffs, that it was going to change certain business policies which would have the effect of making it more difficult for agents such as plaintiffs to generate new business. Because reimbursement of OEA was directly tied to the ability

1. Given the procedural posture of this case and the acquiescence by silence of defendant, it will be assumed the NOA status of plaintiffs constitutes an employer-employee relationship sufficient to invoke the implied covenant of good faith and fair dealing.

to generate new business, the failure to reveal the change in policies was detrimental to plaintiffs. Plaintiffs close the circle by contending they entered the contract based upon defendant's misrepresentations and were allegedly injured as a result. Defendant makes numerous arguments as to why the pleading of this theory cannot carry the day.

First, defendant contends that as a matter of law it had the right to implement changes in product line focus, increases in premiums, etc., complained of by plaintiffs and that the exercise of its rights cannot be grounds for liability. It asserts repeatedly that public policy must prevent employees from attempting to countermand an employer's business decisions, proclaiming such attempts to be "unamerican." Defendant's lengthy harangue notwithstanding, its argument misses the point. What plaintiffs here allege is that *at the time of contracting with plaintiffs,* defendant had knowledge such changes would occur and failed to disclose them to plaintiffs. Plaintiffs nowhere assert defendant did not or should not have the right to implement business changes. Plaintiffs' complaint is they were not told of the changes in policy prior to contracting with defendant.

Defendant next argues no lack of disclosure occurred. It asserts that in the NOA Manual, referenced in and appended to the amended complaint, defendant reserved the right to change the amount of OEA it would pay plaintiffs. Thus, says defendant, because it had the right to alter the amount of OEA plaintiffs receive, plaintiffs cannot be heard to complain that the amount they are receiving is less than what they expected. Defendant's argument again misses the mark. The portion of the NOA Manual referenced by defendant clarifies how OEA is calculated. D.I. 12 at ex. B. The OEA which a NOA receives is a percentage of that NOA's new and renewal policy premiums. The manual specifies that defendant has the right to change the *percentage* of premiums which NOAs would receive in the form of OEA. *Id.* But, what plaintiffs complain of is not that the percentage has decreased, but that their amount of sales have decreased due to defendant's policy changes so that they receive the same percentage, but on a much smaller base. The fact that defendant had the right to change the amount of OEA plaintiffs would receive by decreasing the percentages is irrelevant.

Based on this same provision, defendant also asserts that because it had the express right to alter the OEA, no implied covenant may override this express right. This argument fails for the same reason. While it is true in most instances an implied right cannot trump an express right, defendant did not have the express right to change the OEA in the manner it asserts. Defendant's argument is simply inapposite.

Defendant also contends plaintiffs had constructive notice defendant might institute the policy changes of which plaintiffs complain. According to defendant, it is unreasonable for plaintiffs to assert they did not know defendant would some day raise its prices, reduce policy servicing staff or make any of the other changes of which plaintiffs complain. Under defendant's theory, the common sense and experience of plaintiffs constitute constructive notice that such changes might be made. This argument is not viable in the current procedural context. In considering defendant's motion to dismiss the Court must take all well pleaded allegations in the amended complaint as true and draw all reasonable references in favor of plaintiffs as non-movants. *Melo,* 912 F.2d at 634. Defendant's argument asks this Court to determine whether plaintiffs were on constructive notice of the impending changes at the time they entered into the NOA contract. Factual questions such as this cannot be decided on a motion to dismiss. They must be left to some later time when the record has been appropriately developed.

Defendant also asserts plaintiffs possessed actual notice the complained of changes would occur. It points to various provisions in the Allstate Agent Compensation Agreement appended to the amended complaint and argues that, "[i]mplicit in these statements are [sic] Allstate's intention" to institute the policy changes of which plaintiffs complain. D.I. 21 at 13–14. Yet in making this assertion, defendant is asking the Court to interpret a contract which is not before

the Court. The compensation agreement appended to the amended complaint is the "R830" Compensation Agreement that existed between defendant and plaintiff Potter prior to the parties' decision to enter into a new employment relationship. It is the language of the new Compensation Agreement that is at issue. That contract is not part of the record. Defendant's argument based on the language contained in an old contract is simply irrelevant.

Although the Court has found defendant's first five arguments as to sufficiency of facts unavailing, defendant is not without meritorious arguments. Defendant contends the allegations of paragraphs 13 and 14 of the amended complaint, i.e., that defendant made affirmative false statements, do not form a basis for plaintiffs' claim for a breach of the implied covenant of good faith and fair dealing. The Court agrees.

■ Paragraph 14 alleges defendant represented plaintiffs would enjoy entrepreneurial freedom in areas such as hiring of employees and advertising. Presumably, plaintiffs would like to pursue defendant on the basis that defendant knew that it was going to institute policy changes making it impossible for plaintiffs to enjoy such entrepreneurial freedoms. *See* D.I. 12 at ¶ 21c (mentioning only denial of entrepreneurial freedom to formulate own telephone book advertising). Plaintiffs, however, have failed to include any allegation that defendant had made decisions regarding NOAs' entrepreneurial freedoms *prior to* formation of the contract in question and withheld information from plaintiffs as to any such decision at the time of contracting. Because *Merrill* indicates an action for breach of the implied covenant is one for fraud in the *inducement*, plaintiffs' failure to allege prior decisions by defendant preclude plaintiffs' breach claim.[2]

■ In paragraph 13 plaintiffs allege defendant made certain representations as to what plaintiffs could earn as NOAs including that, "the sky [was] the limit" and that growth potential was unlimited. These state-

ments, contends defendant, constitute mere opinion, sales talk or "puffing" and as such cannot form a basis for plaintiffs' claim for a breach of the implied covenant of good faith and fair dealing.

The issue presented by defendant is whether the alleged statements constitute "an aspect of fraud, deceit or misrepresentation." *Merrill*, 606 A.2d at 101. The Court therefore looks to the Delaware law of fraud to determine whether this type of statement is actionable. The Delaware Supreme Court has determined, "It is the general rule that mere expressions of opinion as to probable future events, when clearly made as such, cannot be deemed fraud or misrepresentations." *Consolidated Fisheries Co. v. Consolidated Solubles Co.*, 35 Del.Ch. 125, 112 A.2d 30, 37, *opinion supplemented*, 35 Del. Ch. 178, 113 A.2d 576 (1955). *See also, Eastern States Petroleum Co. v. Universal Oil Products Co.*, 24 Del.Ch. 11, 3 A.2d 768, 775 (1939) (to be actionable, statement must not be one of opinion or prediction of possible future events). It may be true that a determination as to whether a particular statement constitutes mere opinion or prediction or whether it constitutes a representation of a material fact often will necessitate factual information. However, some statements may be found nonactionable without the necessity of fact finding. *See Browne v. Robb*, 583 A.2d 949, 956 (Del.1990) (upholding grant of motion to dismiss fraud claim finding attorney's statement constituted "subjective judgment as to the value and quality of his own legal abilities" and thus amounted to unactionable opinion), *cert. denied*, —— U.S. ——, 111 S.Ct. 1425, 113 L.Ed.2d 477 (1991). In the instant case, defendant's alleged statement that "the sky was the limit" of a NOAs' earning potential was one of opinion and not an actionable factual representation.

■ Accepting all factual allegations as true and drawing all reasonable inferences in favor of the non-movant, no relief could be granted under any provable set of facts on the basis of the allegations in paragraphs 13 and 14. This finding, however, does not

---

2. In fact, plaintiffs' allegation regarding defendant's decision to modify agents' advertising practices states that such decision was made subsequent, not prior, to formation of the contract. D.I. 12 at ¶ 21c.

prevent plaintiffs' claim from going forward because other grounds of the amended complaint are sufficient to support plaintiffs' charge of wrongdoing. Plaintiffs have alleged defendant made representations concerning plaintiffs' earning potential in terms of OEA. D.I. 12 at ¶¶ 9, 10. They have alleged that defendant knew, but failed to communicate to plaintiffs at the time it made these representations, that it would institute policies which would decrease plaintiffs' ability to generate new business and thus receive adequate OEA. Plaintiffs have, therefore, adequately alleged an action for breach of the implied covenant of good faith and fair dealing. Defendant's motion to dismiss Count I on this ground cannot be sustained.

## 2. Requisite Intent

■ Defendant asserts plaintiffs have failed to allege a claim for breach of the implied covenant of good faith because plaintiffs failed to adequately plead an element essential to their case. Defendant contends plaintiffs must plead trickery, deceit, bad faith or intent to injure on the part of defendant.[3]

"Intent" on the part of defendant is an element of a *prima facie* case for breach of the implied covenant of good faith. *Merrill,* 606 A.2d at 101. The amended complaint, therefore, must either directly allege the requisite intent or must permit the inference of such intent. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1357 (1990).

■ Defendant contends the intent required for a claim of breach of the implied covenant of good faith and fair dealing, and thus that required to be pled, is an "intent to injure" and that such scienter must be "coupled with trickery and deceit." D.I. 15 at 27. Defendant's focus on the words "trickery" and "deceit" is misplaced. The Delaware Supreme Court in *Merrill* held an employer breaches the covenant of good faith and fair dealing where "it induces another to enter into an employment contract through actions, words, or the withholding of information which is intentionally deceptive in some way

material to the contract." Under this statement of the law intent means simply defendant's actions, communications or withholding of material information must have been intentionally deceptive.

■ Plaintiffs' amended complaint, fairly read, does assert defendant's withholding of information was intentionally deceptive. The amended complaint asserts:

15. Relying upon the promises and representations made by Allstate, and believing that Allstate's products would remain price competitive, and believing that Allstate would continue to seek new business at the then existing levels, each Plaintiff decided to convert from a "true employee" status to NOA members. Plaintiffs were lead [sic] to believe that there was no limit on the money they could earn from new business (and the overhead expense allowance) as NOA members based upon their belief that Allstate would not alter their marketing procedures or underwriting criteria to make it more difficult to generate "new business", indispensable to success under the NOA program....

17. Upon information and belief, while Allstate was making the promises and representations intentionally luring its employees to the NOA program, unbeknownst to Plaintiffs, Allstate was making and did make a conscious decision to reduce its acceptance of new business in Delaware when it knew or should have known that to do so would be a serious detriment to NOA employees (like Plaintiffs) whose compensation (overhead expense allowance) was driven by new business.

18. Allstate intentionally and wrongfully induced Plaintiffs to convert to the NOA program, which was, as still is [sic], focused on new business ... while failing to disclose Allstate's intention to change its policies such that new business would be far more difficult to generate.

D.I. 12. Plaintiffs' amended complaint asserts defendant intentionally and wrongfully induced plaintiffs to become NOAs while fail-

---

**3.** Defendant also argues there has been no trickery or deceit. Such argument is inapposite.

Questions of fact, such as this, are not properly addressed on a motion to dismiss.

ing to disclose its intention to effect changes that would significantly impact the reimbursement NOAs would receive. Such assertions fairly allege defendant's withholding of information was intentionally deceptive.

Plaintiffs have adequately pled the requisite intent. Defendant's motion for dismissal on this ground will, therefore, be denied.

### 3. Failure to Plead With Particularity

Defendant also asserts that a claim for breach of the covenant of good faith and fair dealing must be pled with particularity and that plaintiffs have failed to do so. The first issue is whether Rule 9(b) applies to a claim for breach of the implied covenant of good faith and fair dealing in the context of the creation of an employment contract. If the Court determines Rule 9(b) applies, the Court must then decide if plaintiffs have pled this claim with the particularity required by the Rule.

The general rule is that claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Further, the rules specify that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required." Fed.R.Civ.P. 8(e). Exceptions to this concept of notice pleading are contained in Fed.R.Civ.P. 9(b). That rule states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* Defendant argues a claim for breach of the implied covenant of good faith and fair dealing is akin to a claim for fraud and therefore must be pled with particularity.

■ Although the language of Rule 9(b) confines its requirements to claims of mistake and fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. *In re Healthco Int'l, Inc. Sec. Litig.*, 777 F.Supp. 109, 113 (D.Mass.1991) (finding requirements of Fed.R.Civ.P. 9(b) applicable to "all claims where 'fraud lies at the core of the action.'"). Rule 9(b)'s requirements have been found to apply to claims for misrepresentation, *Amerifirst Bank v. Bomar*, 757 F.Supp. 1365, 1381 (S.D.Fla.1991), conspiracy to commit fraud, *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985) and negligent misrepresentation, *Hough/Loew Associates, Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1145, *vacated in part*, 1991 W.L. 86937 (E.D.Pa. 1991).

The requirements of the rule have also been found to apply to suits based on the False Claims Act, 31 U.S.C. 3729 *et seq.* (1988), even though violation of that Act may be established by evidence that claims were submitted merely "in reckless disregard of the truth or falsity of the information" and specific intent to defraud is not required. 31 U.S.C. 3729(b) (1988). *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1055 (S.D.Ga.1990). The *Stinson* court noted that a wide variety of conduct may effectively constitute fraud and that Rule 9(b) should apply to all such conduct. The court further stated, "[I]t does not matter whether a complaint actually uses the terms 'fraud' or 'fraudulent.' So long as the complaint sufficiently alerts the defendant that the claim asserted concerns fraud, rule 9(b) applies." *Id.* at 1058.

Rule 9(b) has also been found to apply to claimed violations of sections 11 and 12(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l (1988), and section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) (1988). *Hershey v. MNC Financial, Inc.*, 774 F.Supp. 367, 375–76 (D.Md.1991). Plaintiffs in *Hershey* argued that the differences between the elements of a claim under these securities laws and common law fraud brought that action outside Rule 9(b)'s requirements. The court disagreed.

The mere fact that plaintiffs need not prove scienter to recover under § 11 and 12(2) does not mean that § 11 and 12(2) claims can never "sound in fraud." On the contrary, a plaintiff may allege, under § 11 and 12(2), a scheme which, if proven, would constitute fraud. That is precisely what plaintiffs have done here. The gist of their claims is that MNC embarked upon a scheme fraudulently to overstate its financial health in quarterly and annual reports.

*Id.* at 375–76.[1] The court therefore found Rule 9(b) applicable to plaintiffs' claims. *Id.* at 376.

As to claims for wrongful inducement to enter a contract, the tort most closely analogous to the instant case, at least one court has implicitly determined Rule 9(b)'s standards are applicable. *Citicorp Int'l Trading Co. v. Western Oil & Refining Co.*, 771 F.Supp. 600 (S.D.N.Y.1991). *But see Crabtree v. Tristar Automotive Group, Inc.*, 776 F.Supp. 155 (S.D.N.Y.1991) (holding, without explanation, that claims for negligent inducement to contract fall outside Rule 9(b)).

■ Four reasons exist for the heightened pleading standard required in fraud cases. First, it protects defendant from frivolous suits. Second, it puts defendant on notice as to the conduct complained of so defendant will have information adequate to form a defense. Third, it prevents fraud actions in which all the facts are learned after the complaint is filed by way of the discovery process. Finally, it serves to protect defendant from damage to its reputation and goodwill. *Stinson*, 755 F.Supp. at 1056. These goals are equally applicable to an action such as the matter *sub judice* which is, at bottom, an action sounding in fraud. As a consequence, plaintiff's amended complaint must meet the heightened pleading requirement of Rule 9(b). The Court must next determine whether plaintiffs have pled their claim with the particularity required by the Rule.

■ The Third Circuit Court of Appeals has noted that Rule 9(b) can be divided into two parts.[5] *Cramer v. General Tel. & Elec-*tronics Corp., 582 F.2d 259 (3d Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979). The particularity requirements of the first sentence demand that the plaintiff identify the elements of his or her fraud claim. *Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 99 (3d Cir. 1983). The second sentence sets forth the manner in which the intent elements must be pled.[6]

Defendant argues, "To minimally satisfy the 'with particularity' requirement of Rule 9(b), several facts must be averred: the time, the place, and the content of the deception leading to the alleged breach." D.I. 15 at 28. While the Court agrees defendant's position might serve as a compliance benchmark in some factual contexts, it is not a universal requirement for meeting Rule 9(b). Nonetheless, the Court agrees plaintiffs here have failed to meet the mandate of Rule 9(b)'s first sentence rendering dismissal of their claim appropriate.

In determining if a plaintiff has met the requirements of the first part of the rule, the Third Circuit Court of Appeals has counselled against focusing solely on the "particularity" language. It has warned that such method of analysis " 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.' " *Christidis*, 717 F.2d at 100 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 at 621 (1968)). Further, contrary to defendant's assertion, plaintiffs need not plead specifics as to date, time and place of the alleged fraud so long as plaintiffs "use alternative means of injecting precision and some

---

4. *Compare Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25–26 n. 4 (2d Cir.1990) (RICO conspiracy claim, apart from underlying acts of fraud, need not be pled with particularity); *China Resource Products (U.S.A.) Ltd. v. Fayda, Int'l, Inc.*, 788 F.Supp. 815, 819 (D.Del.1992) (Rule 9(b) not applicable to claim under Delaware Fraudulent Conveyance Act where despite its name Act does not require plaintiff to prove either actual or constructive fraud); *Professional Serv. Indus., Inc. v. Kimbrell*, 766 F.Supp. 1557, 1561 (D.Kan.1991) (Rule 9(b) not applicable to claim for breach of contract although gist of complaint was defendant failed to disclose facts in breach of warranties).

5. Rule 9(b) provides:

   In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind may be averred generally.
   Fed.R.Civ.P. 9(b).

6. Defendant also argues that the scienter element of plaintiffs' claim must be plead with particularity, but cites no supporting Third Circuit case law. A plain reading of the second sentence of Rule 9(b) indicates such is not the case. The Third Circuit Court of Appeals is in agreement. *Cramer*, 582 F.2d at 273.

measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). However, even employing this less than stringent formulation of the rule's requirement, the Court finds plaintiffs' amended complaint falls short of the specificity required by Fed.R.Civ.P. 9(b).

The heart of plaintiffs' claim is found in paragraph 18 which states, "Allstate intentionally and wrongfully induced Plaintiffs to convert to the NOA program, which was, as still is [sic], focused on new business ... while failing to disclose Allstate's intention to change its policies such that new business would be far more difficult to generate." D.I. 12 at ¶ 18. Yet, plaintiffs have set forth no specifics as to defendant's alleged failure to disclose. The closest they come is ¶ 21 of their amended complaint in which they allege "upon 'information and belief' defendant failed to disclose decisions it had already made regarding reduction in market share, increases in premiums, changes in the focus of product lines, changes in the underwriting structure and reductions in policy servicing staff." *Id.* at ¶ 21. However, "[c]ircumstances that constitute the ... elements [of fraud], if alleged on information and belief, generally will not satisfy Rule 9(b)'s particularity requirement." *Satellite Financial Planning Corp. v. First Nat'l Bank of Wilmington,* 633 F.Supp. 386, 403, *modified in part,* 643 F.Supp. 449 (D.Del.1986).

There is an exception to the prohibition against "information and belief" pleading for situations in which the factual information is peculiarly within the knowledge or control of the defendant. *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir.1989). In such cases, the pleading requirement is relaxed, but plaintiffs must actually allege that the necessary information is in the control or knowledge of the defendant. Should plaintiffs chose to amend, they are cautioned the mere recitation that the necessary information is exclusively within the control of defendant would not satisfy Rule 9(b):

To avoid dismissal in these circumstances, a complaint must delineate at least the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead with particularity. This requirement is intended to ensure that plaintiffs thoroughly investigate all possible sources of information, including but not limited to all publicly available relevant information, before filing a complaint.

*Shapiro v. UJB Financial Corp.,* 964 F.2d 272 (3d Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992). Plaintiffs' amended complaint as presently constituted does fall within this exception to Rule 9(b)'s particularity requirements.

Plaintiffs have failed to allege their claim for breach of the implied covenant of good faith and fair dealing with particularity and have failed to show any recognized exception to this requirement applies. Count I of the amended complaint will, therefore, be dismissed with leave to amend.

**B. COUNT II—UNJUST ENRICHMENT**

Defendant also seeks dismissal of plaintiffs' second count, unjust enrichment. The gist of the claim is that defendant was enriched at plaintiffs' expense by shifting certain overhead costs from defendant to plaintiffs. Plaintiffs assert such shift was unjust (though permitted by certain contractual provisions) because plaintiffs were fraudulently induced to enter a contract with such provisions. The basis for such fraudulent inducement is the same as that in plaintiffs' first claim.

The Court has serious reservations as to whether a claim for unjust enrichment is viable in the context of a fraud claim under the circumstances presented by this case. Even if such a claim may properly be brought, however, it adds nothing to the complaint. The claim in this second count is, at base, the same as that in the first—fraud. Just as with Count I, therefore, the circumstances constituting the fraud must be pled with particularity. Plaintiffs have not done so. Count II will therefore be dismissed with leave to amend.

## V. CONCLUSION

Counts I and II of plaintiffs' amended complaint will be dismissed for failure to comply with Fed.R.Civ.P. 9(b). Plaintiffs will be given leave to amend their amended complaint within 20 days.

While leave will be given to amend the amended complaint, the Court would be remiss if it did not further share a concern which it attempted to explore during oral argument. Capsulized, the Court is troubled by the fact that there is a potential for ever increasing legal expenses arising out of plaintiffs' efforts to seek a remedy which superficially appears to be unobtainable. From what has surfaced thus far, plaintiffs seem to desire that Allstate pay all their overhead expenses, as the company had under their predecessor employment agreement, yet it also appears that plaintiffs do not wish to have their present employment contract rescinded. Thus, plaintiffs seek the payment of overhead benefits of the old contract and all the other benefits of the new contract at the same time. Unless plaintiffs are withholding a novel damage theory, they cannot have it both ways.

If plaintiffs succeed on their fraud count, the appropriate remedy appears to be rescission, conceivably coupled with damages up to the point of judgment, and, depending upon facts not now known, resumption of the prior contractual relationship. The difficulty is plaintiffs have not sought rescission possibly because it is not to their economic advantage to do so. If that be the case, further pursuit of this litigation could only be for harassment purposes and, as such, will merit Rule 11 sanctions against both counsel and client.