**Anant Kamur TRIPATI, Plaintiff,**

**v.**

**J.D. WILLIAMS, et al., Defendants.**

**Civ. A. No. 89–2158–LFO.**

United States District Court,
District of Columbia.

March 21, 1990.

Anant Kumer Tripati, Los Angeles, Cal., pro se.

Susan A. Nellor, Asst. U.S. Atty., Washington, D.C.

### MEMORANDUM

OBERDORFER, District Judge.

Plaintiff, a former federal prisoner, has brought this *pro se* action as a *qui tam* litigant asserting the interests of the United States under the False Claims Act. 31 U.S.C. §§ 3729–31. Liberally construed, plaintiff's complaint alleges that current or former wardens from five federal correctional institutions conspired to defraud the Government by submitting fraudulent claims for payment (Counts 1, 3, and 4) and by falsifying records (Count 2). In support of his claim, plaintiff has submitted a computer printout, which, he alleges, contains a schedule of fraudulent claims for which payments were made. *See* Exhibits A–C. On December 15, 1989, the government filed a "Notice of the United States Not to Intervene." The government also filed a "Suggestion for Dismissal" and Memorandum in support thereof, to which plaintiff has responded. For the reasons stated below, plaintiff's complaint must be dismissed for failure to comply with the requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

Rule 8(a) sets forth the minimum standard for sufficiency of complaints, requiring that a complaint: "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief" and "a short and plain statement of

the grounds upon which the court's jurisdiction depends." The purpose of this rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C.1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure § 1217). The pleading requirements of the Federal Rules of Civil Procedure are to be interpreted liberally, especially when the plaintiff is proceeding *pro se*. *See Brown*, 75 F.R.D. at 499; Fed.R.Civ.Proc. 8(f). Nevertheless, "even a *pro se* complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." *Brown*, 75 F.R.D. at 499.

Although plaintiff's statement of claim is certainly "short and plain," it does not show how plaintiff is entitled to relief. Specifically, it does not allege with any particularity the actions that constitute fraud. Rule 9(b) of the Federal Rules of Civil Procedure mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This rule has been interpreted to require that the pleader " 'state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.' " *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C.Cir.1981) (quoting 2A J. Moore, Federal Practice ¶ 9.03 at 9–20 to 9–24 (2d ed. 1980)). Rule 9(a) serves "to discourage the initiation of suits brought solely for their nuisance value," to "safeguard[ ] potential defendants from frivolous accusations of moral turpitude," and to "guarantee all defendants sufficient information to allow for preparation of a response." *Id.* (citing 5, C. Wright & A. Miller, Federal Practice § 1297 (1969)).

Plaintiff's complaint contains the barest of allegations. For example, plaintiff alleges that defendant Southerland authorized purchases of services and materials that were used for his personal benefit. *See* Complaint at ¶¶ 14, 24. The complaint, however, does not state a single fact to support this allegation. Plaintiff asserts that the false claims are set forth in exhibit A, attached to the complaint. Exhibit A is a computer printout listing 1,247 purchases apparently made by a federal prison between October 3, 1988 and July 7, 1989. For each purchase, the printout lists, *inter alia*, the item purchased, the cost, the person who requested the item, and a date. This information, however, provides no indication that the items—which range from spark plugs and electrical tape to razor blades and shower curtain rods—were purchased for Southerland's personal use. The complaint contains similar conclusory allegations about the other defendants.

Without more, plaintiff's complaint does not comply with the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.