Joel ABERBACH, Alan Geisler, Bernard and Cynthia Landers, Matthew Liebowitz, Maria and Peter Millheiser, David Perryman, Owen Perryman, Peter Vesgo, Bernard Pomeranc, and Phillip Pomeranc, Plaintiffs,

v.

WEKIVA ASSOCIATES, LTD., Neil S. Rollnick, General Partner, Lawrence N. Rosen, General Partner, Rollnick, Rosen & Linden, P.A., f/k/a Rollnick and Rosen, P.A., Shutts & Bowen, P.A., a partnership including professional associations, Jefferson National Bank, and Lawrence N. Rosen, Trustee, Defendants.

No. 90–0208–CIV.

United States District Court,
S.D. Florida.

April 6, 1990.

**1034**

Ronald M. Greenspan and Merrick L. Gross, Hornsby & Whisenand, Miami, Fla., for plaintiffs.

Laurence S. Litow, Schantz, Schatzman & Aaroson, P.A., Miami, Fla., for defendant Wekiva Associates, Ltd.

Theresa L. Girten, Haddad, Josephs & Jack, Coral Gables, Fla., for defendant Rollnick, Rosen and Linden, P.A. f/k/a Rollnick and Rosen, P.A.

Arthur J. Leibell, Reisman & Associates, Miami, Fla., for defendants Neil Rollnick and Lawrence N. Rosen.

Michael D. Katz, Katz, Barron, Squirero & Faust, Miami, Fla., for defendant Jefferson Nat. Bank.

ORDER DENYING DEFENDANTS JEFFERSON NATIONAL BANK'S; ROLLNICK, ROSEN & LINDEN, P.A.'S; WEKIVA ASSOCIATES, LIMITED'S; AND GENERAL PARTNERS' MOTIONS TO DISMISS;

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT TRUSTEE'S MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on defendants Jefferson National Bank's; Rollnick, Rosen & Linden, P.A.'s; Wekiva Associates, Limited's; and General Partners' and Trustee's motions to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Herein, the court considers not only the contents of the complaint and the papers filed by the parties, but also the parties' arguments in hearings held on the instant matter on Friday, March 30, 1990 and Monday, April 2, 1990.

On a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## I. JEFFERSON NATIONAL BANK'S MOTION TO DISMISS

Defendant Jefferson National Bank (hereinafter the "Bank") moves to dismiss the complaint on grounds that plaintiffs have not sufficiently pleaded a cause of action against the Bank under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. The Bank makes no motion as to plaintiffs' claim under Rule 10b–9, 17 C.F.R. § 240.10b–9, therefore the court will assume the validity of that cause of action. Plaintiffs charge the Bank with both primary and secondary liability.

### A. *Primary Liability*

To state a claim for primary liability under Section 10(b) or Rule 10b–5, plaintiffs must plead that defendant committed "(1) a misstatement or omission (2) of a material fact (3) made with scienter (4) upon which the plaintiff[s] relied (5) that proximately caused the plaintiffs' loss." *Gochnauer v. A.G. Edwards & Sons, Inc.,* 810 F.2d 1042, 1046 (11th Cir.1987). The court will address the elements of plaintiffs' cause of action seriatim.

#### 1. Misstatement or omission

■ Under Section 10(b) and Rule 10b–5, defendant can be held liable for its omission to state a material fact only if it had a duty to disclose that fact. *See Roberts v. Heim,* 670 F.Supp. 1466, 1479–80 (N.D.Cal. 1987); *In re Ramada Inns Securities Litigation,* 550 F.Supp. 1127 (D.Del.1982). *Cf. Chiarella v. United States,* 445 U.S. 222, 230, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980). Here, plaintiff alleges three possible bases for defendant's duty to disclose: defendant's position as a general partner, defendant's role as escrow agent, and defendant's status as lender.

##### a. *General Partner*

■ Plaintiffs rely on the contents of the Commitment Letter and Mortgage Agreement to support their claim of a general partnership interest in the Bank, such as would impose on the Bank a duty to dis-

close. While the language of these two provisions provides only minimal support to plaintiffs' claim, on a motion to dismiss the court cannot say that plaintiffs can adduce no set of facts which could support their claim. Plaintiffs' allegations of the Bank's general partner status are not entirely devoid of merit so that the court can grant a motion to dismiss. Therefore, the Bank's motion to dismiss on this point is denied.

### b. Escrow Agent

■ Plaintiffs contend that the Bank became an escrow agent, and thus owed a duty to disclose to the parties to the transaction, by the terms of the Private Placement Memorandum and the Subscription Agreement and by the Bank's acceptance of the Memorandum (taking into account the Bank's duty to review and accept all documents to the transaction under the Commitment Letter).

To establish an escrow under Florida law, "there must be an instrument embodying conditions mutually beneficial to both parties, agreed to by both parties, and it must be communicated to and deposited with a third party." *Smith v. Macbeth*, 119 Fla. 796, 161 So. 721, 724 (1935); *see Shultz v. Sun Bank/Naples, N.A.*, 553 So.2d 202, 205 (Fla.App. 2nd Dist.1989) ("[a]n escrow agreement must be in writing, and the funds must be delivered to a third party"). In this case, plaintiffs have fully plead all aspects of a valid escrow except the requirement that the res be deposited with the escrow holder. On that point, plaintiffs state that they were unaware that *"[c]ertain* escrow funds and documents would not be delivered to Jefferson," Complaint, Paragraph 40(a) (emphasis added); plaintiffs do not say that none of the res ever lay in the Bank's possession. Moreover, in their response to the Bank's motion to dismiss, plaintiffs advance that they

> have also alleged that the res of the escrow was ultimately delivered to Jefferson. Complaint at Paragraph 17. There is no law in Florida that requires Plaintiffs to personally and physically deliver the res to Jefferson to constitute

delivery. Delivery of a res to a third person in escrow is sufficient if the grantor by his act of delivery loses all control over the res.

Plaintiff's Response at 11. Paragraph 17 of the Complaint advances only that the "Memorandum and exhibits included the ... representation[ ]" that the res was delivered to the Bank. In sum, while plaintiffs do not affirmatively allege satisfaction of the Florida law elements of a valid escrow, they impliedly do so to put the Bank on notice of their claim. The court cannot say at this juncture that plaintiffs can prove no set of facts which would support the Bank's status as escrow holder. Therefore, the Bank's motion to dismiss on this point is similarly denied.

### c. Lender

■ Plaintiffs do not contradict the Bank's contention that it had no duty to plaintiffs if it acted solely as a lender in the controverted transaction. The Bank can be liable if it acted as something more than a lender (but less than an escrow agent of general partner), however. Bank actions which reveal that it transcended its lender status—by assumption of fiduciary or agency roles, for instance—could lead to liability. *See Schlifke v. Seafirst Corp.*, 866 F.2d 935, 945 (7th Cir.1989). Plaintiffs suggest that their complaint sufficiently pleads that the Bank transcended its status as lender when it acted as escrow holder or general partner, and when it allowed the general partners to draft documents on its behalf. Therefore, plaintiffs have alleged the existence of some circumstances which would lead investors to have particular trust in the Bank so as to create liability. Accordingly, the Bank's motion to dismiss on this point is denied.

### 2. Material Facts

Plaintiffs have sufficiently plead facts in their complaint so as to satisfy the materiality test of *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972).

### 3. Scienter

■ " 'Severe recklessness' satisfies the scienter requirement" in the Eleventh Circuit. *Woods v. Barnett Bank of Fort*

*Lauderdale,* 765 F.2d 1004, 1010 (11th Cir. 1985). Plaintiffs can meet that standard when they allege that the Bank committed

"those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it."

*Id.* (citing *Broad v. Rockwell International Corp.,* 642 F.2d 929, 961–62 (5th Cir.) (en banc), *cert. denied,* 454 U.S. 965, 102 S.Ct. 506, 70 L.Ed.2d 380 (1981)). In addition, plaintiffs must adhere to Federal Rule of Civil Procedure 9(b), which requires a general allegation of intent in fraud cases. Plaintiffs have plead severe recklessness sufficiently here where they have set forth facts supporting the Bank's role as an escrow agent and general partner, as well as its knowledge of subscription documents and funds. This showing additionally meets the requirements of Rule 9(b). The Bank's motion to dismiss on this ground is denied.

### 4. Reliance

■ To aver reliance in this case, plaintiffs need not state that they actually relied on defendant's conduct. The Supreme Court has held that

[u]nder the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision.

*Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). Plaintiffs have sufficiently plead that the Bank had an affirmative duty to disclose because of its alleged status as escrow holder and/or general partner and/or "more-than-a-lender." Plaintiffs have also set forth the purported materiality of the facts withheld. In addition, it is possible that plaintiffs continued to rely on the fact of the escrow and the Bank's general partner status be-

yond the close date. Defendant's motion to dismiss on this point is denied.

### 5. Proximate Cause of Loss

■ Finally, plaintiffs have adequately alleged a proximate causal connection between their loss and defendant's conduct. "To satisfy the causation element of a Rule 10b–5 cause of action, the plaintiff must prove both actual causation, or 'transaction causation,' and proximate causation, or 'loss causation.'" *Bruschi v. Brown,* 876 F.2d 1526, 1530 (11th Cir.1989). First, as to transaction causation, plaintiffs have averred that defendant's misrepresentations caused them to make the investment. *Id.* Second, as to loss causation, plaintiffs have set forth facts to show that defendant's conduct was in some way reasonably related to their loss; at least, "[i]n an offering of the type at issue, the time limitation/escrow mechanism is a major protection of investors." *S.E.C. v. Electeronics Warehouse, Inc.,* 689 F.Supp. 53 (D.Conn. 1988).

Neither can the court adduce any supervening market forces or other factors, of which defendant invites it to take judicial notice, which would negate plaintiffs' allegations of proximate cause. (For further discussion of this issue, see Part II.B.3. below.)

In sum, defendant Jefferson National Bank's motion to dismiss plaintiffs' claims against it for primary liability under Section 10(b) and Rule 10b–5 must fail.

### B. *Aider and Abettor (Secondary) Liability*

In addition, plaintiffs have claimed against the Bank as an aider and abettor. The test for aiding and abetting liability in this Circuit consists of three elements:

[, one,] if some other party has committed a securities law violation, [two,] if the party had general awareness that his role was part of an overall activity that is improper, and[, three,] if the accused aider-abettor knowingly and substantially assisted the violation.

*Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 94–95 (5th Cir.1975). Defendant

does not contest the adequacy of plaintiffs' pleading of the first prong of this test.

■ The second prong of the aider-abettor test requires plaintiffs to aver that "the surrounding circumstances and expectations of the parties" were such that the Bank was generally aware that its "role was part of an overall activity that [was] improper." *Id.* at 95.; *Woods v. Barnett Bank of Fort Lauderdale,* 765 F.2d 1004, 1009 (11th Cir.1985). Plaintiffs meet this standard in their complaint.

■ The third prong of the aider-and-abettor liability test—that for knowing and substantial assistance—calls for some allegation of the Bank's duty to disclose to avoid having to show " 'conscious intent' to aid the fraud." *Id.* at 1010. Because plaintiffs have set forth that the Bank may have a duty as escrow agent or general partner or as somehow more than a mere lender in the transaction, plaintiffs need only allege reckless conduct. *Woods,* 765 F.2d at 1010, 1011. Their complaint complies with this standard.

In light of the foregoing, defendant Jefferson National Bank's motion to dismiss plaintiffs' aider and abettor claim against it is hereby denied.

### C. *Federal Rule of Civil Procedure 9(b)*

■ Plaintiffs have alleged fraud with sufficient particularity. All defendants have had sufficient notice of the charges against them to enable them to answer the complaint. The court will not address the issue separately below.

### D. *Conclusion*

Defendant Jefferson National Bank's motion to dismiss is denied.

## II. ROLLNICK, ROSEN & LINDEN, P.A.'S, WEKIVA ASSOCIATES, LTD.'S, AND GENERAL PARTNERS' AND TRUSTEE'S MOTIONS TO DISMISS

By defense counsel's admission, defendants Rollnick, Rosen & Linden, P.A., Wekiva Associates, Ltd., and General Partners and Trustee have all filed extremely similar motions to dismiss. In addition, the complaint refers to the defendants as a group throughout. Therefore, as much as possible, the court will attempt to treat together the similar issues raised in defendants' respective motions.

The court has set forth the elements of a claim under Section 10(b) and Rule 10b–5, and for aiding and abetting liability above and will now proceed to consider whether plaintiffs have successfully pleaded those claims for each of the above-listed defendants.

### A. *Rollnick, Rosen & Linden, P.A.*

Defendant Rollnick, Rosen & Linden, P.A. (hereinafter "RRL") adopts defendant Wekiva Associates, Limited's argument as to causation (to be addressed by the court below) and defendant Jefferson National Bank's memorandum as to scienter (see the above discussion). RRL extrapolates solely on its contention that plaintiffs have not sufficiently averred that RRL misstated or omitted to state material facts; the court will therefore address that issue only in this part of its order.

■ Plaintiffs can attribute legally binding omissions to RRL under Section 10(b) and Rule 10b–5, and Rule 10b–9 only if they can show that RRL had some duty to disclose a material fact. *See Roberts v. Heim,* 670 F.Supp. 1466, 1479–80 (N.D.Cal. 1987); *In re Ramada Inns Securities Litigation,* 550 F.Supp. 1127 (D.Del.1982). *Cf. Chiarella v. United States,* 445 U.S. 222, 230, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980). Plaintiffs allege, as bases for defendant's duty to disclose, that Mssrs. Rollnick and Rosen, partners in RRL, were involved in the transaction, as general partners in Wekiva, and that the firm itself worked as an "affiliate" in the transaction.

RRL counters that plaintiffs would have this court pierce the corporate veil even though RRL has not acted both improperly and as a mere instrumentality. Florida law allows a court to look beyond the corporate (or partnership) entity to the individual partners if those individuals act improperly. *See Dania Jai–Alai Palace, Inc. v.*

*Sykes,* 450 So.2d 1114, 1121 (Fla.1984). Plaintiffs have set forth adequate allegations against the partners in RRL to survive a motion to dismiss on this point.

In addition, plaintiffs have averred that RRL itself transcended mere law firm duties and became an affiliate in the controverted transaction. That pleading takes this case outside of the scenario described in *Friedman v. Arizon World Nurseries Ltd. Partnership,* Fed.Sec.L.Rep. (CCH) P. 94,902 (S.D.N.Y. Jan. 24, 1990), where the court found that counsel did not otherwise transcend their duties as "mere scriveners," and therefore were not liable to plaintiffs.

In conclusion, because plaintiffs have alleged that RRL incurred a duty to them in the transaction and omitted to state material facts pursuant to that duty, RRL's motion to dismiss plaintiffs 10(b) and 10b–5, and 10b–9 claims is denied.

Finally, because RRL adopted the arguments of the Bank and the General Partners and Trustee on Count II (aiding and abetting liability) (see below), the court's discussion as to those other defendants will apply equally to RRL.

### B. *Wekiva Associates, Limited*

Wekiva Associates, Limited (hereinafter "Wekiva") has adopted the Bank's argument under Federal Rule of Civil Procedure 9(b) (discussed above) and the General Partners' and Trustee's statement on attorney fees. Moreover, Wekiva does not refute plaintiffs' claims as to the materiality of the facts allegedly misstated or omitted, or plaintiffs' reliance thereon. Wekiva does contest plaintiffs' 10(b) and 10b–5 elements of misstatement or omission, scienter, and causation.

#### 1. Misstatement or omission

Wekiva contends that plaintiffs have not adequately alleged the existence of an escrow as established by Wekiva under which Wekiva had a duty to disclose material facts under 10(b) and 10b–5. The court has already decided (above) that plaintiffs have sufficiently set forth the elements of an escrow to survive these motions to dismiss. Under that escrow, Wekiva would have a duty to disclose material facts, which, if breached, would give rise to liability under this prong of the test for 10b–5 liability.

Moreover, plaintiffs advance, in their response to Wekiva's motion to dismiss, that Wekiva is vicariously liable for the General Partners' and/or agents misrepresentations and omissions. Wekiva did not address this contention, and the court need not consider it here except to refer to it as a possible secondary basis of liability for Wekiva.

#### 2. Scienter

The court has fully addressed this issue above under the heading of the Bank's motion to dismiss. Wekiva has not illuminated the issue further, and have expressly adopted the Bank's argument on this point. The court holds that plaintiffs have alleged scienter sufficiently as to defendant Wekiva as well.

#### 3. Causation

As stated above, "[t]o satisfy the causation element of a Rule 10b–5 cause of action, the plaintiff must prove both actual causation, or 'transaction causation,' and proximate causation, or 'loss causation.' " *Bruschi v. Brown,* 876 F.2d 1526, 1530 (11th Cir.1989). The court has already held above that plaintiffs have adequately alleged transaction causation. See pp. 1035–1036. While Wekiva summarily contests the court's finding as to transaction causation, it fully addresses only the issue of loss causation in its motion to dismiss.

The thrust of Wekiva's argument on loss causation lies in its contention that other factors in reality caused plaintiffs' loss. In *Bastian v. Petren Resources Corp.,* Fed.Sec.L.Rep. (CCH) P. 94,908, 892 F.2d 680 (7th Cir.1990), the Seventh Circuit discussed "national economic calamities"— supervening market forces—that proximately and actually caused the *Bastian* plaintiffs' losses. Wekiva argues that the court should take judicial notice of the action of such market factors in this case. The court cannot do so; judicial notice is improper where the underlying matter is not either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned." Fed.R. Evid. 201(b). The court cannot say that regional fluctuations in the Florida real estate market constitute a proper subject of judicial notice, and therefore it declines to take notice thereof. Accordingly, Wekiva's argument that plaintiffs have insufficiently averred loss causation because market forces in fact caused plaintiffs' loss must fail.

For the foregoing reasons, Wekiva's motion to dismiss is denied.

### C. *General Partners and Trustee*

The General Partners, Neil S. Rollnick and Lawrence N. Rosen, (hereinafter "GP's"), and Trustee, Lawrence N. Rosen, move this court to dismiss both primary liability and aiding and abetting claims against them.

#### 1. Primary Liability

The court has already set forth and discussed the five relevant factors of a Section 10(b) and Rule 10b–5 claim above. GP's advance that plaintiffs' complaint must fail as to each of those five elements, but actively discuss only causation and scienter. The court thus refers GP's to its discussion of the other three factors elsewhere in this order and holds that plaintiffs have satisfied the pleading standard as to GP's as well. Similarly, the court's holding above in Part I.C. as to Federal Rule of Civil Procedure 9(b) carries equal force here (as GP's and Trustee admit in their motion). As a preliminary matter, the court will address the primary liability of the Trustee.

#### a. *Primary Liability of Trustee*

 The Trustee contends that plaintiffs have failed to state a cause of action against him for primary liability, and that as such plaintiffs have failed to allege one element necessary to Trustee's liability as an aider and abettor. Plaintiffs apparently concede that they do not seek to hold the Trustee for primary liability under Rule 10b–5. *See, e.g.,* Plaintiffs' Response to General Partners' and Trustee's Motion to Dismiss at 5. Moreover, plaintiffs complaint as to Trustee is lacking such as to warrant dismissal under Federal Rule of Civil Procedure 12(b)(6). Therefore, the motion to dismiss plaintiffs' claim against Trustee for primary liability under Section 10(b) and Rule 10b–5 is hereby granted.

That plaintiffs do not claim against Trustee for primary liability does not negate his susceptibility to aider and abettor liability, however. The court will discuss this form of liability in section 2 below.

#### b. *Causation*

GP's make the same argument as to causation as their co-defendant Wekiva ably made above. GP's rely on the *Bastian* case, and contend that the real estate market is analogous to the petroleum industry in *Bastian.* The court relies on its discussion of this theory above in Part II.B.3, as well as that in Part I.A.5., to deny GP's motion on this point.

#### c. *Scienter*

Plaintiffs have set forth sufficient facts as against GP's to satisfy Section 10(b) and Rule 10b–5 liability. See this court's discussion of scienter above in Part I.A.3.

#### 2. Aider and Abettor Liability

As set forth above in Part I.B., the test for aiding and abetting liability in this Circuit consists of three elements:

> [, one,] if some other party has committed a securities law violation, [two,] if the party had general awareness that his role was part of an overall activity that is improper, and[, three,] if the accused aider-abettor knowingly and substantially assisted the violation.

*Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 94–95 (5th Cir.1975).

 First, as to the Trustee, that plaintiffs have not stated a claim for primary liability against him does not negate his aider and abettor liability. The *Woodward* court held that such liability can arise as long as "some other party has committed a securities law violation." *Id.* at 94. While the Trustee contends that plaintiffs have not alleged any additional wrongdoing on his part such as would subject him to aider and abettor liability, *see Schlifke v. Seafirst Corp.,* 866 F.2d 935, 947 (7th Cir. 1989), the complaint sets forth that Trustee

and one of the GP's are the same person. The court cannot ignore this fact when it examines the knowledge and wrongdoing of various legal actors in a transaction. In short, the Trustee had the knowledge of a general partner, named as a violator of Rule 10b–5 in the complaint; he cannot hide behind a legal description and claim that he did not commit a primary act under Rule 10b–5 which could lead to aider and abettor liability. Plaintiffs have stated a claim against the Trustee as an aider and abettor, and Trustee's motion to dismiss on this point must fail.

Second, as to the GP's, plaintiffs have alleged numerous instances of active participation in the controverted transaction, *see* Plaintiffs' Response to General Partners' and Trustee's Motion to Dismiss at 13, 18. In addition, plaintiffs have set forth other parties as primarily liable under 10b–5. In toto, plaintiffs' complaint states a cause of action against GP's for aider and abettor liability so as to survive GP's motion to dismiss.

### 3. Attorney Fees

All defendants have adopted the argument of GP's and Trustee, which opposes any award of attorney fees to plaintiffs in this action. Plaintiffs have not actually requested attorney fees in their complaint, *see* Complaint paragraph 4, and state only that "[e]ach Plaintiff has retained the undersigned in connection with this matter and is obligated to pay the undersigned a reasonable fee." Complaint paragraph 4. Neither do plaintiffs oppose defendants' argument as to attorney fees, contained in GP's and Trustee's motion to dismiss at 10–11. The court would construe defendants' argument as a motion to strike in other circumstances. The pleading here, however, does not warrant such treatment: Plaintiffs' have neither moved for nor specifically referred to attorney fees. The court therefore reserves ruling on the issue of attorney fees until it is presented more definitely for its determination.

Accordingly, after careful consideration and review, the court

ORDERS and ADJUDGES that defendant Jefferson National Bank's motion to dismiss is hereby DENIED. The court further

ORDERS and ADJUDGES that defendant Rollnick, Rosen & Linden, P.A.'s motion to dismiss is hereby DENIED. The court further

ORDERS and ADJUDGES that defendant Wekiva Associates, Limited's motion to dismiss is DENIED. The court further

ORDERS and ADJUDGES that defendant General Partners' motion to dismiss is DENIED. The court further

ORDERS and ADJUDGES that defendant Trustee's motion to dismiss is GRANTED as to the claim against it for PRIMARY LIABILITY, and DENIED as to the claim against it for AIDER AND ABETTOR LIABILITY.

DONE and ORDERED.