UNITED STATES of America ex rel. STINSON, LYONS, GERLIN & BUSTAMANTE, P.A., Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF GEORGIA, INC., Defendant.

No. CV 489–224.

United States District Court, S.D. Georgia, Savannah Division.

Nov. 13, 1990.
On Motion for Reconsideration Dec. 14, 1990.

Luis C. Bustamante, Tracy E. Tomlin, Miami, Fla., for plaintiff.

William H. Major, William B. Brown, Atlanta, Ga., Emmett B. Lewis, Washington, D.C., Stuart M. Gerson, Hinton R. Pierce, Lawrence B. Lee, Savannah, Ga., Michael F. Hertz, Steve Altman, Stanley E. Alderson, Attys., Civ. Div., Dept. of Justice, Washington, D.C., Sam P. Inglesby, Jr., Savannah, Ga., for defendant.

### ORDER

EDENFIELD, Chief Judge.

On October 18, 1990, this Court granted defendant Blue Cross Blue Shield of Georgia, Inc.'s ("BC–GA") motion for a more definite statement, but denied without prejudice its motion to dismiss the complaint for failure to plead fraud with particularity. Additionally, the Court determined that it had subject-matter jurisdiction over the action under 28 U.S.C. § 1331 (1988) and 31 U.S.C. § 3730(b) (1988), that collateral estoppel did not preclude the Court's consideration of the subject matter jurisdiction issue, that the complaint on its face was pleaded sufficiently to invoke the Court's subject matter jurisdiction, and that the relator-plaintiff, Stinson, Lyons, Gerlin and Bustamante, P.A. ("Stinson Lyons") had complied satisfactorily with the procedural requirements of the False Claims Act, 31 U.S.C. § 3729 *et seq.* The Court allowed Stinson Lyons to file an amended complaint to give it an opportunity to comply with Fed.R.Civ.P. 9(b)'s requirement that the circumstances constituting the alleged fraud "be stated with particularity." The Court notified the parties that, upon receipt of the amended complaint, if it was forthcoming, the Court would reconsider BC–GA's motion to dismiss on Rule 9(b) grounds. Familiarity with that order is assumed here.

Stinson Lyons timely submitted an amended complaint, and, as a consequence, BC–GA's motion to dismiss is once more before the Court. The Court now GRANTS that motion for the reasons stated below.

### DISCUSSION

The shortcoming of Stinson Lyons's original complaint (actually, its first "Amended Complaint"), was that it did not "adduce specific facts supporting a strong inference of fraud." *See* 755 F.Supp. 1040, 1051–52 (1990) (citations omitted). Specifically, although Stinson Lyons alleged with some particularity the mechanism of the claimed fraud, it did not allege facts sufficient to "raise any inference of fraud as to *BC–GA*, let alone a strong one." *Id.* at 1053 (citations omitted). By allowing Stinson Lyons to amend its complaint, the Court allowed it an opportunity to allege not just a generic fraud, but a fraud perpetrated by BC–GA. Having examined the new complaint carefully, the Court concludes that it is insufficient under Rule 9(b).

Essentially, Stinson Lyons changed its complaint in four ways: (1) It re-organized the complaint; (2) it added some new "allegations" concerning the passage by Congress and subsequent implementation of TEFRA and other related statutory enactments; (3) it provided more details about what *Provident* allegedly did to defraud the government; and (4) it named the Provident employee who allegedly called someone at BC–GA to get the "same as us" information. Only the last of these four changes is relevant to the Rule 9(b) shortcomings mentioned by the Court in the October 18th order. This insignificant addition, however, does not render the complaint sufficient for Rule 9(b) purposes, for it minimally, if at all, strengthens any inference of fraud by BC–GA.

As the Court pointed out in its prior order, Rule 9(b) has four purposes, only one of which Stinson Lyons previously had satisfied. First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of

the conduct complained of. Arguably, Stinson Lyons's original allegations served to put BC–GA on notice of such alleged conduct. Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation. Stinson Lyons's prior complaint contained no factual allegations that addressed the latter three concerns. Although the name of the person at Provident who allegedly spoke to an unnamed person at BC–GA is arguably relevant to the second and fourth purpose above, the probative value of this allegation is de minimis.

Furthermore, none of the other changes made by Stinson Lyons address these three concerns. Apart from the "same as us" Provident memo, Stinson Lyons still alleges *no* facts which raise any inference at all *that this defendant, BC–GA,* defrauded the government. To prevail in this suit, Stinson Lyons necessarily would have to engage in massive discovery to begin to substantiate its allegations. It is precisely this conduct that Rule 9(b) is designed to prevent.

### CONCLUSION

There is nothing in the new complaint that ensures that this complaint is not frivolous. There is nothing in the complaint that suggests that *all* of the facts needed to support this sanction do not need to be produced in discovery. There is nothing in the complaint that ensures that BC–GA will not suffer unnecessary harm to its goodwill and reputation by enduring this suit. In short, Stinson Lyons still has alleged no facts that support an inference that BC–GA defrauded anybody. Accordingly, the Court DISMISSES this action.

SO ORDERED.

## ON MOTION FOR RECONSIDERATION

The plaintiff in this *qui tam* action, the law firm Stinson, Lyons, Gerlin & Bustamante, P.A. ("Stinson Lyons"), has moved for reconsideration of this Court's order of November 13, 1990, dismissing the case. Like the November 13 order, this order assumes familiarity with the detailed background section contained in the Court's October 18 order. 755 F.Supp. 1040. Stinson Lyons now makes essentially two arguments. First, it contends that Fed.R.Civ.P. 9(b)—upon which the Court based its order of dismissal—is inapplicable to actions under the False Claims Act, 31 U.S.C. § 3729 *et seq.* (1988) ("FCA" or "the Act"). Second, it asserts that, because it has obtained "newly discovered evidence," the Court should allow it to file a fourth complaint in this action. The Court find neither of these arguments persuasive, and therefore DENIES Stinson Lyons's motion.

### ANALYSIS

■ At the outset the Court notes that different standards apply to the two arguments. Stinson Lyons requests, in its motion, relief under both rule 59(e) and rule 60(b) of the Federal Rules of Civil Procedure. A rule 59(e) motion questions the substantive correctness of the court's judgment. *E.g., Harcon Barge Co. v. D & G Boat Rentals,* 784 F.2d 665, 669–70 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); *see Osterneck v. E.T. Barwick Indus.,* 825 F.2d 1521, 1525–26 (11th Cir.1987), *aff'd,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). It essentially asks a district court to correct errors of law. *E.g., A.D. Weiss Lithograph Co. v. Illinois Adhesive Prods.,* 705 F.2d 249, 250 (7th Cir.1983) (per curiam). In entertaining such a motion, therefore, the Court may freely reconsider its conclusion.

■ Rule 60(b)(2), on the other hand, is the vehicle by which a party may seek amendment of a judgment to reflect newly discovered evidence. The rule 60(b)(2) movant must make a rather specific showing to establish a basis for relief under that provision:

[A] party must demonstrate that (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the

evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that it is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir.1987) (citing *Scutieri v. Paige*, 808 F.2d 785, 793 (11th Cir.1987)) (further citations omitted). Although this test is phrased in terms that assume that the judgment was rendered after a full-blown trial, the test is easily adaptable to judgments rendered upon dismissal of an action or summary judgment. Stinson Lyons's claim of newly discovered evidence must, therefore, be judged by this standard.

### Rule 9(b) (Still) Applies to the False Claims Act

■ Stinson Lyons argues that the 1986 Amendments to the FCA served, in part, to exempt the FCA from the particularity requirements of rule 9(b). The amendments did no such thing. It is true, as Stinson Lyons points out, that the 1986 amendments clarified that the scienter requirement of the act includes not only actions based on a specific intent to defraud, but also those actions based on false claims submitted "in reckless disregard of the truth or falsity of information." 31 U.S.C. § 3729(b) (1988). BC–GA, however, correctly points out that federal courts routinely apply rule 9(b) to fraud actions based on statutes with similarly generous scienter requirements. *See, e.g., Aberbach v. Wekiva Assocs., Ltd.*, 735 F.Supp. 1032, 1035–36 (S.D.Fla.1990) (securities fraud case). As the court noted in *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373 (D.C.Cir.1981), *cert. denied*, 455 U.S. 999, 102 S.Ct. 1630, 71 L.Ed.2d 865 (1982), "fraud" may encompass a wide variety of activities, and rule 9(b) applies to all of them. *Id.* at 1385. Moreover, the marginal difference in culpability between specific intent to defraud and the reckless disregard standard does not diminish in the least the four primary concerns of rule 9(b). *See* 755 F.Supp. 1040, 1053 (S.D.Ga. 1990) (discussing those concerns). Those concerns did not magically vanish when

Congress passed the FCA amendments in 1986. They still exist in this case, and Stinson Lyons's second amended complaint does not adequately address them. Furthermore, it is significant that no federal court that has addressed rule 9(b) in the context of an action under the FCA since the amendments took effect has concluded that rule 9(b) no longer applies to the FCA. *See Tripati v. Williams*, 1990 U.S. Dist. LEXIS 3296 (D.D.C. Mar. 21, 1990); *United States ex rel. McCoy v. California Med. Rev., Inc.*, 723 F.Supp. 1363 (N.D.Cal.1989); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante v. Provident Life & Accident Ins. Co.*, 721 F.Supp. 1247 (S.D. Fla.1989); *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795 (D.Utah 1988); *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 695 F.Supp. 1426 (E.D.N.Y.1988); *United States ex rel. Schwartz v. Brothers Records, Inc.*, 1987 WESTLAW 19215 (D.D.C. Oct. 20, 1987).

■ That Congress liberalized the intent requirement of the FCA does not change the requirement that the circumstances of the fraud be alleged and proven. Stinson Lyons has pointed to no language or legislative history of the FCA amendments that shows that Congress intended its clarification of the scienter requirement under the Act to exempt the Act from the dictates of rule 9(b), a rule applicable to all civil actions. Absent clear evidence of such an intention, this Court will not presume that Congress intended this result. In addition, the Court notes that it does not matter whether a complaint actually uses the terms "fraud" or "fraudulent." So long as the complaint sufficiently alerts the defendant that the claim asserted concerns fraud, rule 9(b) applies. *Simcox v. San Juan Shipyard, Inc.*, 754 F.2d 430, 440 (1st Cir.1985). That is the case here. In fact, the first three complaints Stinson Lyons has filed in this action actually use the words "fraud" and/or "defraud." The Court cannot understand how Stinson Lyons now argues, with a straight face, that its complaint (which contains allegations of fraud) is exempt from the requirements of rule 9(b) (which applies to allega-

tions of fraud). The Court declines to reconsider its judgment on this issue.

### Newly Discovered Evidence

█ As mentioned above, to merit relief under Rule 60(b)(2), Stinson Lyons must demonstrate that it has satisfied the five factors listed by the Eleventh Circuit in *Texgas*. In its motion for reconsideration, Stinson Lyons makes no reference to *Texgas* or the five factors discussed in that case. BC–GA argues that Stinson Lyons cannot show that it has exercised due diligence in discovering the new evidence, and that the new evidence is not likely to produce a new outcome. It also argues that the new evidence is immaterial. Because of the limited factual record before it, the Court will not address BC–GA's "due diligence" argument. It is clear, however, that BC–GA is correct in asserting that the new evidence is not likely to produce a new outcome in this Court's determination of the matter.

One of the two new documents is a BC–GA internal memo, which shows only that BC–GA knew that Congress had passed TEFRA, and was familiar with its terms. As noted in two previous orders, the central problem with Stinson Lyons's complaints in this action is that the complaints have not raised "any inference of fraud as to BC–GA, let alone a strong one." *See* 755 F.Supp. 1040, 1053 (S.D.Ga.1990). That BC–GA keeps abreast of major federal legislation affecting BC–GA's business raises neither eyebrows nor an inference of fraud. The Court *expects* that businesses do so. Even if BC–GA were expressly to admit its cognizance of pertinent federal legislation, there would be no inference of fraud.

The second document, another BC–GA internal memo, concerns BC–GA's efforts to automate its claims processing mechanism for Medicare claims. The document, in its entirety, reads:

> This is to inform you that Phase I of the program changes has been completed. As of July 11, 1983, the Claims Processing System, the Subscriber Membership System and the programs dealing with the CRT screens have been changed to accept the new Medicare Carveout Codes 'A', 'B', and 'C'.

Until Phase II is implemented A and 1 are interchangeable as are B and 2 or C and 3. All codes will still mean that Blue Cross/Blue Shield is secondary to Medicare.

At most, this document reveals that Codes 1, 2, 3, A, B, and C are processing codes that flag claims where BC–GA determined it was the secondary carrier. It takes a vivid imagination to conjure up visions of fraud from this memo. Rule 9(b) requires a court to determine whether the facts alleged in a complaint support a strong inference of fraud, not to view a complaint with a vivid imagination.

In sum, neither document (nor the two taken together) increases the likelihood that the Court's dismissal of this action was incorrect. The Court declines to amend its judgment, and denies Stinson Lyons's request to file a fourth complaint in this action.

### CONCLUSION

Stinson Lyons has not persuaded the Court that it should reconsider its judgment, nor has it persuaded the Court that it should amend its judgment to allow Stinson Lyons to file a fourth complaint in this action, based on newly discovered evidence. Accordingly, the Court DENIES Stinson Lyons's motion.

SO ORDERED.