**UNITED STATES ex rel. Jeffrey P. GOLDSTEIN**

v.

**LEONARD'S DRAPERIES, INC., et al.**

**No. CIV. JFM–00–3459.**

United States District Court,
D. Maryland.

Oct. 8, 2002.

Stephen M. Schenning, Jennifer Lilore Huesman, Office of the United States Attorney, Baltimore, MD, for United States of America, ex rel., Plaintiff.

Victor A. Kubli, Grayson and Kubli, McLean, VA, for Jeffrey P. Goldstein, Plaintiff.

Douglas W. Baruch, Fried Frank Harris Shriver and Jacobson, Washington, DC, for Contract Decor, Inc., Defendant.

Joseph H. Young, Douglas R.M. Nazarian, Hogan and Hartson LLP, Baltimore, MD, for Empire Drapery Co., Defendant.

Richard D. Lieberman, McCarthy Sweeney and Harkaway PC, Washington, DC, for Victor Rome, Inc., Defendant.

Joseph P. Hornyak, Sonnenschein Nath and Rosenthal, Washington, DC, for ADM Int'l Inc., Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff has instituted this action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733. Two of the defendants, ADM International, Inc., and Contract Decor, Inc., have filed motions to dismiss on the ground that the complaint fails to satisfy the requirements of Fed.R.Civ.P. 9(b).[1] The motions will be granted. Further, since plaintiff's allegations are insufficient under Rule 9(b) as to the other defendants as well, I will order that the complaint be dismissed in its entirety but grant leave to plaintiff to file an amended complaint.

Plaintiff is Jeffrey P. Goldstein, the former president and owner of Commercial Drapery Contractors, Inc. Goldstein and his company were engaged in the sale and installation of draperies, curtains, vertical and Venetian blinds, bedspreads, and related hardware and accessories, to the United States government. Goldstein was indicted and convicted of defrauding the government in connection with the sales. He has initiated this action and several others, alleging that other companies in the industry engaged in the same type of conduct for which he was indicted and convicted.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff contends that the complaint satisfies Rule 9(b) because it specifies:

- numbers and dates of Government solicitations in issue;

- numbers, dates, and/or effective periods of ... [the defendants'] contracts in issue;

- the ... [defendants'] proposals in issue;

- the particular forms and documents within each ... proposal that contain false information;

- the specific information on the identified forms and pages that is false, and the reason why the specified information is false; and

- the manner in which ... [defendants] then exploited ... [their] tainted contracts, i.e., ... [their] submission of false payment claims at inflated prices.

While on their face plaintiff's allegations may seem specific, the specificity is illusory. Plaintiff does provide particulars concerning how government contracts in the industry are bid and how the contracts are written. However, after reciting generic terms of the bid and contract documents, he simply makes a conclusory allegation that matters the defendants represented in those documents were false and fraudulent. As the basis for his knowledge of the alleged deception, plaintiff claims that "[b]y virtue of his positions and experience in the industry, ... [plaintiff] has personal knowledge of ... [defendants'] operations." It may be that plaintiff does have personal knowledge of how participants in the relevant industry conduct their operations. That fact alone, however, does not provide any basis for inferring that the plaintiff knows or has reason to believe that a particular company has engaged in fraud.

1. Contract Decor also challenges the sufficiency of plaintiff's allegations concerning personal jurisdiction and venue as well as plaintiff's standing to pursue this action under § 3730(d)(3) of the FCA. ADM likewise challenges plaintiff's venue allegations and his standing. Another defendant, Leonard's Draperies, Inc., has also filed a motion raising the standing issue. I need not decide these issues until and unless plaintiff files an amended complaint complying with Fed. R.Civ.P. 9(b).

In his opposition memorandum plaintiff cavalierly states that each defendant "need only open its file drawer, remove the specified ... proposals and contracts, turn to the specified pages therein, read the specified representations on these pages, and then prepare an Answer that admits or denies the allegations that these particular representations are false." That argument betrays a disregard for the purposes of Rule 9(b), which the Fourth Circuit has defined as follows:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055, 1056–57 (S.D.Ga.1990)).

Here, plaintiff's allegations might be sufficient, as plaintiff contends, to enable defendants to prepare an answer. However, to countenance the conclusory allegations plaintiff has made would not protect the defendants from a frivolous suit, prevent them from being subjected to a fraud action in which plaintiff learns all of his facts after discovery, or protect them from harm to their good will and reputation.

It may be that plaintiff does have knowledge of illegal activity in which the defendants engage because there was an indus-try-wide conspiracy of which he was a part. Plaintiff does not, however, so allege. Were he to do so, and specifically allege the reasons for his belief that a particular defendant was part of the conspiracy, he might be entitled to greater latitude in not identifying each and every specific misrepresentation he contends the defendant made.[2] However, in the absence of any such allegations, there is no basis for inferring from the allegations that have been made any "circumstances" of fraud at all, as required by Rule 9(b). Plaintiff cannot merely use his knowledge of the type of bid and contract documents used in the industry as a means to root through the defendants' files to determine if they contain evidence of fraudulent conduct.

For these reasons, plaintiff's complaint will be dismissed. Plaintiff is granted 21 days in which to file an amended complaint.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 8th day of October 2002

ORDERED

1. The motions to dismiss filed by defendants ADM International, Inc., and Contact Decor, Inc. are granted;

2. The complaint is dismissed in its entirety for failure to comply with Fed. R.Civ.P. 9(b); and

3. Plaintiff is granted 21 days in which to file an amended complaint.

---

**2.** If plaintiff were to allege that he had knowledge of the defendants' fraud because he had entered into a conspiracy with them, that would also serve to place in proper focus the standing issue defendants have raised. The question would then be framed whether a person who has been found guilty of a substantive offense that also constituted an overt act of a broad conspiracy can bring suit under the FCA.